**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

THOMAS J. MAULSON
11205 Scott Road
Woodruff, WI 54568

Plaintiff.

v. Case No. 25-cv-638

WILL TAEGE
c/o ONEIDA COUNTY SHERIFF'S OFFICE
2000 E. Winnebago Street
Rhinelander, WI 54501

Defendant.

---

## COMPLAINT

---

Plaintiff, Thomas J. Maulson, by his attorneys LawtonCates, S.C., by Attorneys Dixon R. Gahnz, and David M. Stegall allege the following Complaint:

## I. NATURE OF ACTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 seeking redress for the deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

2. Plaintiff alleges that Defendant, acting under color of state law, used excessive and unreasonable force against Plaintiff during an investigative detention in violation of Plaintiff's constitutional rights.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343.

4. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this District.

## III. PARTIES

5. Plaintiff, Thomas J. Maulson, is an adult resident of Woodruff, Wisconsin, and at all relevant times resided in the Western District of Wisconsin.

6. Defendant, Will Taege, is a law enforcement officer employed by the Oneida County Sheriff's Office, and at all relevant times acted under color of law. He is sued in both his individual and official capacities.

## IV. FACTS

7. On or about March 30, 2024, Plaintiff was approached by Defendant in the Walmart Parking lot located at 2121 Lincoln Street in the City of Rhinelander Wisconsin, during an alleged investigative stop.

8. The Plaintiff was in his vehicle with his wife, seven year old child and three year old child.

9. Upon arriving at the scene, defendant was informed by a citizen witness that plaintiff was not the aggressor in the incident leading to the police being called and that the aggressor had left in another vehicle.

10. The defendant disregarded this information and told the citizen witness to get back in his car.

11. Defendant approached Plaintiff's vehicle and demanded Plaintiff's license and registration information.

12. Plaintiff had his license in his hand and his wife was looking for the registration paperwork in the glovebox of Plaintiff's vehicle.

13. Plaintiff questioned the reason defendant was stopping him and defendant determined that Plaintiff was "no guy" within 20 seconds of the interaction.

14. Upon determining that Plaintiff was a " no guy", defendant reached into the vehicle and handcuffed one of plaintiff's wrists, and demanded that Plaintiff get out of his vehicle.

15. During the interaction with Defendant, Plaintiff fully complied with Defendant's commands and did not resist in any way.

16. Less than one minute after Defendant approached Plaintiff's vehicle, he ordered Plaintiff out of the vehicle and handcuffed Plaintiff's hands behind his back without incident.

17. Plaintiff was not resisting and complied with the defendant's commands during the incident.

18. While escorting Plaintiff to a marked squad car, Defendant deliberately and forcefully tripped Plaintiff without warning or justification.

19. Due to the handcuffs, Plaintiff was unable to break his fall and struck the ground forcefully, causing significant injury to his knee and head.

20. Plaintiff was not resisting, attempting to flee, or posing any threat to Defendant or others at the time of the incident.

21. The entire incident was captured on video taken by the Walmart, the bodycam worn by Defendant and the Plaintiff's wife.

22. Defendant's use of force was excessive, unnecessary, and objectively unreasonable under the circumstances.

23. As a result, Plaintiff suffered serious physical injuries, pain, emotional distress, lost wages, lost future earning capacity, incurred significant medical expenses, and will continue to incur medical expenses in the future.

## FIRST CLAIM
## VIOLATION OF THE FOURTH AMENDMENT AND 42 U.S.C. § 1983

24. Paragraphs 1 through 23 are re-alleged and incorporated by reference herein.

25. Defendant, acting under color of law, violated Plaintiff's Fourth Amendment right to be free from excessive force by intentionally tripping Plaintiff while he was handcuffed and compliant.

26. Defendant's use of force was objectively unreasonable and caused Plaintiff to suffer physical injury and emotional distress.

27. Defendant's conduct was malicious, reckless, and in deliberate disregard of Plaintiff's clearly established constitutional rights.

28. As a direct and proximate result of Defendant's actions, Plaintiff suffered damages, including but not limited to physical injuries, pain and suffering, emotional distress, and medical costs.

29. At all times material to this Complaint, Defendant acted under color of law and was acting within the scope of his respective employment.

30. The State of Wisconsin is required to indemnify Defendant pursuant to Wis. Stat. § 895.46 for any judgment entered against him because Defendant was acting within the scope of his employment when he committed the alleged acts and omissions.

## SECOND CLAIM
## PUNITIVE DAMAGES

31. Paragraphs 1 through 30 are re-alleged and incorporated by reference herein.

32. Defendant acted maliciously, with intentional disregard and deliberate indifference of Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A. Judgment against Defendant for compensatory damages in an amount to be determined at trial;

B. Punitive damages against Defendant in his individual capacity;

C. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

D. Pre-judgment and post-judgment interest as allowed by law; and

E. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues.

Dated: 07/30/2025

LAWTON & CATES, S.C.
Attorneys for Plaintiffs

*/s/ Dixon R. Gahnz*
Dixon R. Gahnz
SBN: 1024367
David M. Stegall
SBN: 1059551

LawtonCates, S.C.
1050 E Washington Ave (Suite 330)
P.O. Box 2965
Madison, WI 53703
P: (608) 282-6200
F: (608) 975-2662