IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS J. MAULSON,

Plaintiff,

v. Case No. 25-cv-638-wmc

WILL TAEGE

Defendant.

---

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**

---

Plaintiff Thomas J. Maulson, by counsel, respectfully submits the following objections to certain exhibits identified on Defendant's Exhibit List (Dkt. 19-2). Plaintiff does not object to the remaining exhibits on Defendant's list at this time and reserves the right to raise additional objections, including objections to specific exhibits based on issues that arise at trial, as further discovery, motion practice, or trial testimony may warrant.

**Objection to Exhibit No. 516 — DAAT Training Guide (December 2021).**

Plaintiff objects to Exhibit No. 516 on two independent grounds. First, this document was not among Defendant's Rule 26(a) disclosures or produced in discovery, and Defendant should be precluded from offering it under Rule 37(c)(1). Second, and independently, Plaintiff objects under FRE 401, 402, and 403. The record establishes that Deputy Taege was trained under the June 2017 DAAT Training Guide (Exhibit No. 515), not the December 2021 version. (Taege Dep. 133:1-2 ("[I]s this the defense and arrest tactics manual that you were trained on at the academy?" "Yes."); Taege Dep. 137:3-6 ("[T]he 2017 defense and arrest tactics ... [was] part of your 720-hour training course, correct?" "Correct.").) Nothing in the record shows Taege ever received training on, or was even aware of, the 2021 guide. Admitting a training standard Taege was never trained under risks measuring his conduct against a standard that did not apply to him, inviting jury confusion as to

which manual actually governs, and creating a substantial risk of unfair prejudice that outweighs any probative value the 2021 guide might have.

**Objection to Exhibit No. 517 — DAAT Training Guide (June 2023).**

Plaintiff objects to Exhibit No. 517 under FRE 401, 402, and 403. Although the 2023 DAAT Training Guide is dated June 6, 2023, its guidelines did not become operative until January 1, 2024, less than three months before the March 30, 2024 incident. (2023 DAAT Manual, OC Maulson 864.) Taege testified that he had not seen the 2023 manual as of three years into his employment, that he had never seen it prior to his deposition, and that he has never received training based on it. (Taege Dep. 21:22 ("Correct. I can't say that I have seen it."); Taege Dep. 133:13-15 ("[H]ave you ever seen the 2023 version of this manual?" "I don't believe so."); Taege Dep. 136:14-25 ("[H]ave you ever received any training that is based off of ... [t]he 2023 manual...?" "I do not know. I have not seen this specific document ... in a training.").)

This exhibit is also directly implicated by Plaintiff's pending Daubert challenge to Defendant's use-of-force expert, Dennis Angle, who relies on the 2023 manual rather than the 2017 manual under which Taege was actually trained. Admitting the 2023 guide would compound that same defect at trial by inviting the jury to evaluate Taege's March 2024 conduct against a training standard he was never shown to have received.

**Objection to Exhibit No. 518 — DAAT Instructor Manual (June 2017).**

Plaintiff objects to Exhibit No. 518 on two independent grounds. First, this document was not among Defendant's Rule 26(a) disclosures or produced in discovery, and Defendant should be precluded from offering it under Rule 37(c)(1). Second, and independently, Plaintiff objects for lack of foundation and relevance under FRE 401, 402, and 403. This document is distinct from the June 2017 DAAT Training Guide (Exhibit No. 515) under which Taege was trained as a recruit;

it is an instructor-level manual, and nothing in the record shows Taege was trained using this document, that it was cited or relied upon in any expert's report, or that it bears on the standard applicable to a line deputy's conduct during this encounter. Taege was never examined about this document at his deposition. Absent a showing connecting this document to Taege's actual training or to an opinion properly before the jury, it should be excluded.

**Objection to Exhibit No. 519 — Professional Communication Skills Guide (December 2020).**

Plaintiff objects to Exhibit No. 519 on two independent grounds. First, this document was not among Defendant's Rule 26(a) disclosures or produced in discovery, and Defendant should be precluded from offering it under Rule 37(c)(1). Second, and independently, Plaintiff objects under FRE 401, 402, and 403. Nothing in the record ties this specific document to Taege's training, to the events of March 30, 2024, or to any opinion disclosed by either party's experts. Taege testified generally that he took a professional communication skills class in the academy, but that testimony does not establish that this particular December 2020 guide was the material he was trained on, and his academy training predates this document. Absent a showing of relevance and foundation, the exhibit should be excluded.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court sustain Plaintiff's objections to Exhibit Nos. 516, 517, 518, and 519.

Dated this 21st day of August, 2026.

LAWTON & CATES, S.C.

Electronically signed by Dixon R. Gahnz

*Dixon R. Gahnz*
Dixon R. Gahnz
State Bar No. 1024367

Electronically signed by David M. Stegall

David M. Stegall
David M. Stegall
State Bar No. 1059551

Lawton & Cates S.C.
1050 E. Washington Avenue, Suite 330
Madison, Wisconsin 53703
(608) 282-6200
dgahnz@lawtoncates.com
dstegall@lawtoncates.com