**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

THOMAS J. MAULSON,

Plaintiff,

v. Case No. 25-cv-638-wmc

WILL TEAGE,

Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**FED. R. CIV. P. 26(a)(3) DISCLOSURES**

Defendant, Will Taege ("Taege"), submits this response to plaintiff's pre-trial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3) (ECF No. 12).

## I. Response to Plaintiff's Designation of Deposition Testimony

Maulson proposes to play certain portions of Taege's deposition testimony at trial, even though plaintiff has not designated Taege as a witness in his list of potential witnesses, and notwithstanding the fact that Taege will be present at trial. Although Rule 32(a)(3) allows an adverse party to use the deposition testimony of another party for any purpose, "there are limitations which afford a trial court reasonable latitude for expedition of the trial." *Fey v. Walston & Co.*, 493 F.2d 1036, 1046 (7th Cir. 1974); *see also Hasham v. California State Bd. of Equalization*, 200 F.3d 1035, 1050 (7th Cir. 2000) ("The conduct of a trial and rulings on evidence, motions and trial direction, are subject to the sound discretion of the trial court.").

Thus, to the extent plaintiff intends to introduce the designated portions of Taege's deposition testimony as affirmative evidence, Taege will object to any efforts by plaintiff

to ask him materially similar questions at trial on the grounds that such testimony would represent the needless presentation of cumulative evidence and would waste the time of the jury in violation of Rule 403.

In addition, Taege objects to plaintiff's use of pp. 142:2-4 and 146:19 – 147:1 of his deposition testimony on the grounds that it is irrelevant under Rules 401-02 and that any minimal relevance is substantially outweighed by the danger of confusing the issues under Rule 403.

## II. Response to Plaintiff's Exhibit Disclosures

Consistent with Federal Rule of Civil Procedure 26(a)(3)(B), Taege objects to the exhibits identified by plaintiff with his pre-trial disclosures as set forth in the trial exhibit list attached hereto as Exhibit 1.

## III. Response to Plaintiff's Expert Witness Narratives

Taege objects to plaintiff's proposed expert witness narrative for William Duggan insofar as it describes him as "an expert in the area of police practices." Like the other expert witness narratives proposed by plaintiff, the narrative for Duggan should be limited to describing his qualifications and experience, rather than characterizing him as an "expert."

Taege also notes that the proposed expert witness narrative for Craig Felty is incorrect insofar as it states that Felty obtained a bachelor's degree from the University of Chicago Medical Center, as Felty's curriculum vitae states that he obtained the degree from Purdue University Northwest.

Dated at Milwaukee, Wisconsin this 21st day of August, 2026.

**HANSEN REYNOLDS LLC**

/s/ Andrew A. Jones
Andrew A. Jones
John W. McCauley
301 North Broadway, Suite 400
Milwaukee, Wisconsin 53202
(414) 455-7676
ajones@hansenreynolds.com
jmccauley@hansenreynolds.com

*Attorneys for Defendant Will Taege*